## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILBUR ODILIO HERNANDEZ,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | Case No. 16-1143-EFM-KGG |
| ) | |
| PETER JOHN ORSI II,   ) | |
| ) | |
| Defendant.   ) | |
| _____ ) | |

## ORDER ON MOTIONS
## TO PROCEED WITHOUT PREPAYMENT OF FEES
## AND TO APPOINT COUNSEL

In conjunction with his federal court Complaint, Plaintiff Wilbur Odilio

Hernandez has filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 3,

sealed) as well as a Motion to Appoint Counsel (Doc. 4).  For the reasons set forth

below, the Court **GRANTS** Plaintiff's *IFP* application and **DENIES** Plaintiff's

request for counsel.

## I.     Motion to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of

an action without prepayment of fees, costs, etc., by a person who lacks financial

means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of

financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis*

when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 31 years old and married.  (Doc. 3-1, sealed, at 1.)  Although his Complaint indicates he has children, he does not list them as dependents.  (*Id.*, at 2.)  Plaintiff indicates that he has "never" been employed.  He lists only a small amount of cash on hand, which corresponds to the amount of a monetary gift he lists in his financial affidavit.  (*See generally, id.*)  He lists no other income or governmental assistance during the past 12 months.  He does not own real property or an automobile.  He does not list any monthly expenses or bills.  (*Id.*)  He has never filed bankruptcy.  (*Id.*)

Given the financial situation described in his financial affidavit, the Court finds that Plaintiff's access to the courts would be significantly impaired should his motion be denied.  Plaintiff's *IFP* motion (Doc. 3) is, therefore, **GRANTED**.

2

## II.     Motion to Appoint Counsel.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual:  (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. ***Castner***, 979 F.2d at 1421.

As for the second ***Castner*** factor, this Court finds that Plaintiff has failed to provide the Court with any evidence that he engaged in the requisite diligent search for counsel.  (*See* Doc. 4.)  The form motion for counsel provided by the Court, which Plaintiff did not use, specifically enumerates spaces for Plaintiff to identify six attorneys he has contacted about representation.  Plaintiff's self-written motion does not indicate whether he has attempted to contact <u>any</u> attorneys

3

to represent him.  (*See* Doc. 4.)  Rather than require Plaintiff to contact the requisite number of attorneys, the Court will decide Plaintiff's motion on the merits of the other ***Castner*** factors.

The Court finds that Plaintiff cannot afford counsel given his current financial situation, satisfying the first ***Castner*** factor.  For the purposes of this motion, the Court finds that Plaintiff's Complaint establishes diversity jurisdiction. As such, the Court has no serious concerns regarding the merits of Plaintiff's claims as that issue relates to Plaintiff's request for counsel.  Even so, Plaintiff's motion must fail given the fourth ***Castner*** factor, Plaintiff's ability to represent himself.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  *Id.*, at 1422.  The Court notes that the factual and legal issues in this case are not unusually complex. *Cf. **Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").  Further, although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel.

4

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals and inmates who represent themselves *pro se* in Courts throughout the United States on any given day.  Although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel.  Plaintiff's motion for counsel (Doc. 4) is **DENIED** on this basis.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed *IFP* (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 21st day of June, 2016.

 S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge

5