## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WILBUR O. HERNANDEZ,

     *Plaintiff,*

  vs.

                                  Case No. 16-1143-EFM-KGG

PETER J. ORSI, II,

     *Defendant.*

### MEMORANDUM AND ORDER

Plaintiff Wilbur Hernandez asserts that his attorney, Defendant Peter Orsi, violated his civil rights during the course of a child custody dispute in Sedgwick County District Court.  His *pro se* complaint is brief.  Defendant now seeks dismissal arguing that the Court lacks subject matter jurisdiction.

### I.        Factual and Procedural Background

Plaintiff Wilbur Hernandez is a citizen of Guatemala.  He resides in the Lewisburg, Pennsylvania penitentiary.[1]  Defendant Peter Orsi is an attorney and resides in Kansas.

Plaintiff alleges that he paid Defendant a total of $9,000 for legal services and was billed $3,618.  He asserts that Defendant did not return the remaining $5,382.  He claims that Defendant represented him under false pretenses by saying that he was a family court attorney

---

[1] Plaintiff was previously a defendant before the undersigned in this Court.  In 2011, he was sentenced to 108 months imprisonment.

when in fact he is a criminal attorney.  Plaintiff asserts that he lost custody of his children because of this purported lie.   Thus, Plaintiff states that he seeks a judgment of $9,000 plus punitive damages of $75,000.

Defendant has filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 13).  Defendant attached several exhibits to his motion, including Plaintiff's criminal judgment, the Sedgwick County District Court's journal entry of termination of Plaintiff's parental rights, and two letters from Defendant to Plaintiff.  Plaintiff failed to respond to Defendant's motion and thus it is unopposed.

## II.    Legal Standard

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."[2]  "A case arises under federal law if its well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[3] There are certain limitations on this general principle, however, which the court will discuss in a moment.  Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[4]  Mere allegations of jurisdiction are not enough.[5]  Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis

---

[2] 28 U.S.C. § 1331.

[3] *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (quotation marks and citations omitted).

[4] *United States v. Rockwell Int'l. Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[5] *Id*. at 798.

to exercise jurisdiction.[6]  The law imposes a presumption against jurisdiction, and the plaintiff bears the burden of showing that jurisdiction is proper.[7]

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[8]  However, "it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant."[9]  "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[10]  Furthermore, when a party proceeds *in forma pauperis*, the Court shall dismiss the case at any time if it determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.[11]

### III.    Analysis

Plaintiff asserts that he lost the parental rights to his children due to Defendant's false representation that he was a family law attorney when he is actually a criminal law attorney.  He requests $9,000 plus punitive damages of $75,000.   Defendant asserts that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine because Plaintiff's claim is inextricably intertwined with the state court's judgment severing Plaintiff's parental rights.  In addition, Defendant contends that Plaintiff does not meet his burden in establishing or alleging

---

[6] *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007).

[7] *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

[8] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Id.*

[10] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[11] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

federal question or diversity jurisdiction.  Even if Plaintiff could establish diversity jurisdiction, Defendant contends that the domestic relations exception would be applicable and thus the Court still lacks subject matter jurisdiction.

Subject matter jurisdiction is generally premised on either a federal question or diversity of citizenship.[12]  In this case, Plaintiff can establish neither.  Although Plaintiff checked the box that his case arose from a violation of civil rights within the jurisdiction of the United States, he alleges no facts to support this contention.

To the extent that he claims it was a constitutional violation that his parental rights were severed, the *Rooker-Feldman* doctrine would be applicable.  The *Rooker–Feldman* doctrine precludes a losing party in state court who complains of an injury caused by a state-court judgment from bringing a case seeking review and rejection of that judgment in federal court.[13] Because federal law gives only the U.S. Supreme Court appellate jurisdiction to review the decisions of a state's highest court, the *Rooker-Feldman* doctrine prevents state court litigants from circumventing that process by asking a federal district court to step in and review and revise a state court's judgment.  "*Rooker-Feldman* bars not only cases seeking direct review of state court decisions, but it also bars cases that are 'inextricably intertwined' with a prior state court decision."[14]

Here, Plaintiff is claiming injury from a state court ruling.  It appears that he seeks a monetary judgment for the termination of his parental rights.  This type of relief is inextricably

---

[12] *See* 28 U.S.C. §§ 1331, 1332.

[13] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller)*, 666 F.3d 1255, 1261 (10th Cir. 2012).

[14] *Weaver v. Boyles*, 172 F. Supp. 2d 1333, 1338 (D. Kan. 2001) (citing *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998)).

intertwined with the state court judgment because the Court would be required to review the state court judgment to determine whether the termination amounted to a deprivation of Plaintiff's constitutional rights.  This type of relief would amount to a reversal of the state court's order.[15] Thus, the *Rooker-Feldman* doctrine precludes this court from engaging in such a review.

This conclusion is bolstered by the "domestic relations exception" which generally "divests the federal courts of power to issue divorce, alimony, and child custody decrees, or make a determination that such decree is void."[16]  Plaintiff does not specifically ask for a reversal of the state court's custody determination.  However, to the extent that Plaintiff seeks this Court's determination that Defendant's alleged misrepresentation caused the termination of his parental rights, the claim involves evaluating the propriety of the state court's custody determination.  Thus, the domestic relations exception would apply and the Court does not have subject matter jurisdiction.  In sum, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claim. Thus, the Court grants Defendant's Motion to Dismiss.

---

[15] *See Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007) (claims for damages barred where they were based on state court judgments and would require federal court to review and reject those judgments).

[16] *Winters v. Kan. Dept. of Soc. & Rehab. Serv.*, 2011 WL 166708, at *5 (D. Kan. Jan. 19, 2011) (quotation marks and citations omitted).

**IT IS ACCORDINGLY ORDERED** that Defendant's Motion to Dismiss (Doc. 12) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 16th day of December, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE